441 F.2d 275
 In the Matter of PLANTS AND FACILITIES CO., Inc., Bankrupt.
Curtis E. FULLER and Catherine M. Fuller, Respondents-Appellants,
v.
PLANTS AND FACILITIES CO., Inc., Bankrupt-Appellee.
 No. 26585.
 United States Court of Appeals, Ninth Circuit.
 March 30, 1971.
 
 Daniel B. Condon, of Joslyn, Roeth, Angerhofer & Condon, Pasadena, Cal., for appellant.
 William J. Tiernan, Tiernan & Moneymaker, Los Angeles, Cal., for appellee.
 Before CARTER, WRIGHT and TRASK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Fullers appeal from a district court order affirming the judgment of the referee-in-bankruptcy. The judgment against the Fullers and in favor of the trustee-in-bankruptcy was in the amount of $23,130 plus interest. We affirm.
 
 
 2
 The Fullers, husband and wife, owned all stock of the bankrupt corporation. Mr. Fuller was president and director and Mrs. Fuller was secretary and director. They purchased welding equipment for $5,800 in 1965, then agreed between themselves to lease it to the corporation for a monthly rental of $840. They paid themselves from funds of the bankrupt corporation $28,680. The entire transaction was oral. No directors' or shareholders' meetings were held with respect to it, and there were no minutes or memoranda concerning it.
 
 
 3
 Bankruptcy proceedings were instituted on October 22, 1968. In September of that year the Fullers entered into another transaction with the corporation by which they transferred the machinery in exchange for two motor vehicles owned by the corporation of the reasonable value of $5,700.
 
 
 4
 Appellants challenge certain of the findings of fact made by the referee and his conclusion that the Fullers' transaction with the corporation was fraudulent. The evidence taken by the referee supports his findings and his conclusions that the Fullers were fiduciaries, that the oral rental agreement was unfair and fraudulent as to the corporation, that the consideration paid by the corporation was unreasonable, and that the trustee should recover from the Fullers the rent paid less credit for the reasonable rental value of the equipment.
 
 
 5
 Affirmed.